**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1239**

MAYRA RIVAS-RODRIGUEZ,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 5, 2009   Decided: December 10, 2009

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jennifer C. Lu, HOWREY, LLP, East Palo Alto, California; Glen W. Rhodes, HOWREY, LLP, San Francisco, California, for Petitioner. Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Lindsay E. Williams, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mayra Rivas-Rodriguez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Because the evidence does not compel a different result, we deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in her native country

2

on account of a protected ground.  8 C.F.R. § 1208.13(b)(1) (2009).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground.  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution.  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution.  The subjective fear [must have] some basis in the reality of the circumstances and [be] validated with specific, concrete facts . . . and it cannot be mere irrational apprehension."  Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on account of a protected ground.  8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004).  A "clear probability" means that it is more likely than not the alien would be subject to persecution.  INS v. Stevic, 467 U.S. 407, 429-30 (1984).  The protected ground must be a

3

central reason for being targeted for persecution. A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" See Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007)).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find the evidence does not compel the finding that Rivas-Rodriguez was persecuted or has a well-founded fear of persecution because of her membership in a particular social group. The record supports the finding that the gangs in San

4

Salvador were indiscriminate with whom they targeted. In addition, substantial evidence supports the finding that Rivas-Rodriguez would be targeted regardless of her membership in her particular social group.

We also find substantial evidence supports the finding that it is not more likely than not that Rivas-Rodriguez will be tortured "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5